## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **CODY LEITZMAN,** *on behalf of himself and all others similarly situated*,<br><br>    Plaintiff,<br><br>V.<br><br>**U.S. BANK NATIONAL ASSOCIATION,**<br><br>    Defendant. | **CIVIL ACTION NO. 1:20cv01055** |

### ORDER PRELIMINARILY APPROVING SETTLEMENT; CERTIFYING SETTLEMENT CLASS; APPROVING NOTICE; AND SETTING DATE FOR FINAL APPROVAL HEARING

**WHEREAS**, Plaintiff Cody Leitzman ("Plaintiff") and Defendant U.S. Bank National Association ("U.S. Bank"), have reached a proposed Settlement of the Action, which is set forth in the Settlement Agreement filed with the Court; and

**WHEREAS**, Plaintiff has applied to the Court for preliminary approval of the proposed Settlement, the terms and conditions of which are set forth in the Settlement Agreement; and

**WHEREAS**, the Court has fully considered the record of these proceedings, the Settlement Agreement and all exhibits thereto, the representations, arguments and recommendation of counsel for the Parties and the requirements of law; and

**WHEREAS**, it appears to the Court upon preliminary examination that the proposed Settlement is fair, reasonable and adequate, and that a hearing should be held after notice to the Settlement Class of the proposed Settlement to finally determine whether the proposed Settlement is fair, reasonable and adequate and whether a Final Approval Order and Judgment should be entered in this Action.

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1. The capitalized terms used in this Preliminary Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court preliminarily approves the Settlement Agreement as fair, reasonable and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting notice of the Settlement to persons in the Settlement Class for their consideration and a hearing on the approval of the Settlement.

3. The Settlement Agreement was entered into by experienced counsel and only after extensive arm's-length negotiations.

4. For purposes of the Settlement only, the Court conditionally certifies the following Settlement Class:

> All persons about whom, during the two (2) year period prior to the filing of the Complaint, Defendant obtained a consumer report after that consumer had obtained a bankruptcy discharge of any secured obligation such consumer owed to Defendant, and after that Defendant regained legal possession of the real property securing such obligation.

5. The Court preliminarily finds, for Settlement purposes only, that:

   a. The above-described Settlement Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact common to the Settlement Class;

   c. The claims of the Settlement Class Representative are typical of the claims of the Settlement Class;

   d. The Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class;

   e. The questions of fact or law common to the members of the Settlement Class predominate over the questions affecting only individual members; and

   f. Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court notes that, because the litigation is being settled, rather than litigated, it need not consider the

manageability issues that would be presented by this litigation. *Amchem Prods. Inc. v. Windsor*, 117 S. Ct. 2231, 2240 (1997).

6. The Court finds that it has personal jurisdiction over all Class Members, including the absent Class Members.

7. The Named Plaintiff, Cody Leitzman, shall be the Settlement Class Representative of the Settlement Class. This Court preliminarily finds that he will fairly and adequately represent and protect the interests of the absent Class Members.

8. The Court approves SmithMarco, P.C. and David M. Marco as Settlement Class Counsel. This Court preliminarily finds that they are competent, capable of exercising all responsibilities as Class Counsel and will fairly and adequately represent and protect the interests of the absent Class Members.

9. The Court approves Rust Consulting to serve as the Settlement Administrator in this Action.

10. Any information on the Class List shall be provided solely for the purpose of providing Notice to the Settlement Class and informing Settlement Class Members about their rights further to this Settlement, shall be kept in strict confidence, shall not be disclosed to any third party other than the Parties to this Agreement and their counsel if necessary to effectuate the terms of the Agreement or the administration process, shall be used for no other cases, and shall be used for no other purpose.

11. To the extent that any federal or state law governing the disclosure and use of consumers' financial information (including but not limited to "nonpublic personal information" within the meaning of the Graham–Leach–Bliley Act, 15 U.S.C. ch. 94, and its implementing regulations) permits such disclosure only as required by an order of a court, this order—

(a)  qualifies as "judicial process" under 15 U.S.C. § 6802(e)(8), and

  (b)  authorizes the production of such information subject to this order's protections, in which case the producing party's production of such information in accordance with this order constitutes compliance with the applicable law's requirements.

To the extent that any such law requires a producing or requesting party to give prior notice to the subject of any consumer financial information before disclosure, the Court finds that the limitations in this order furnish good cause to excuse any such requirement, which the Court hereby excuses.

  12. If the Settlement is terminated or is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Settlement Class Representative shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order, without prejudice to any legal argument that any of the parties to the Settlement might have asserted but for the Settlement.

  13. A Final Approval Hearing shall be held before this Court on November 2, 2022 at 10:15 a.m. in Room 216, United States Courthouse, Indianapolis, Indiana, to address: (a) whether the Court should finally certify the Settlement Class and whether the Settlement Class Representative and Class Counsel have adequately represented the Settlement Class; (b) whether the proposed Settlement should be finally approved as fair, reasonable and adequate and whether the Final Approval Order and Judgment should be entered; (c) whether the Released Claims of the Settlement Class in this Action should be dismissed on the merits and with prejudice; (d) whether Class Counsel's Attorney's Fees and Costs application and the Incentive Award for Plaintiff should be approved; and (e) such other matters as the Court may deem necessary or appropriate. Papers in support of final approval of the Settlement, the Incentive Award to Named Plaintiff, and Class Counsel's Attorney's Fees and Costs application shall be filed with the Court according to the schedule set forth in Paragraph 23 below. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Final

Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Class Members with respect to the Released Claims being settled. The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by U.S. Bank and the Class Representative and without further notice to the Settlement Class.

14. The Court approves, as to form and content, the use of a Long Form Notice and Short Form/Postcard Notice substantially similar to the forms attached as <u>Exhibits 1 and 3</u> to the Settlement Agreement, respectively. Written Notice will be provided to members of the Settlement Class by e-mail and by way of the Settlement Website using U.S. Bank's records as well as other investigations deemed appropriate by the Settlement Administrator, updated by the Settlement Administrator in the normal course of business. For any Settlement Class Member for which U.S. Bank has no e-mail address or the Settlement Administrator is unable to reasonably verify delivery of Notice by e-mail, the Settlement Administrator shall mail to such Class Member the Short Form/Postcard Notice by first-class U.S. mail. All Notices shall be e-mailed or mailed within 30 days of the date of entry of this Preliminary Approval Order (the "Notice Deadline"). Prior to the Final Approval Hearing, the Settlement Administrator will submit to the Court a declaration of compliance with these notice provisions.

15. The cost of Notice and settlement administration shall be paid by U.S. Bank separately from the Settlement Fund, as provided for in the Settlement Agreement.

16. The Notice, as directed in this Order, constitutes the best notice practicable under the unique circumstances of this case and is reasonably calculated to apprise the members of the Settlement Class of the pendency of this Action and of their right to object to the Settlement or exclude themselves from the Settlement Class. The Court further finds that the Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive such notice and that it meets the requirements of due process and of Federal Rule of Civil Procedure 23.

17. Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions and requirements set forth in the Notice, a timely and valid written request for exclusion postmarked no later than 60 days after the Notice Deadline.

18. Each request for exclusion, or "Opt-Out", must be personally signed by the individual Class Member; any so-called "mass" or "class" opt-outs shall not be allowed. Further, to be valid and treated as a successful exclusion or "Opt-Out" the request must include: (a) the Requester's full name, address, e-mail address, telephone number, and the name of the Action; (b) the Requester's personal and original signature, or the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under a valid power of attorney, to act on behalf of the Requester; and (c) state unequivocally that the Requester desires to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.

19. No person shall purport to exercise any exclusion rights for any other Person, or purport to exclude any other Class Member as a group, aggregate or class involving more than one Class Member, or as an agent or representative. Any such purported exclusion shall be void and the Person that is the subject of the purported opt-out shall be treated as a member of the Settlement Class and be bound by the Settlement.

20. Any member of the Settlement Class who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing.

21. Any Class Member who does not submit a valid and timely request for exclusion may object to the proposed Settlement. Any such Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Class Member's own expense. Any such Class Member must file with the Court and mail or

hand-deliver to the Settlement Administrator a written notice of intention to appear together with supporting papers, including a detailed statement of the specific objections made, delivered or postmarked no later than 60 days after the Notice Deadline. Each Objection must (i) set forth the Settlement Class Member's full name, current address, e-mail address, telephone number, and the name of the Action; (ii) contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iii) state that the Settlement Class Member objects to the Settlement, in whole or in part; (iv) set forth the complete legal and factual bases for the Objection; (v) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; and (vi) state whether the objecting Settlement Class Member intends on appearing at the Final Approval Hearing either *pro se* or through counsel and whether the objecting Settlement Class Member plans on offering testimony at the Final Approval Hearing. Any Class Member that fails to do object in the manner set forth herein shall be foreclosed from making such objection or opposition, by appeal, collateral attack, or otherwise and shall be bound by all of the terms of this Settlement upon Final Approval and by all proceedings, orders and judgments, including but not limited to the Release in the Action.

22. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any Released Claim against any of the Released Parties in any action, arbitration or proceeding in any court, arbitration forum or tribunal.

23. Further settlement proceedings in this matter shall proceed according to the following schedule:

| EVENT | SCHEDULED DATE |
|---|---|
| Notice mailing deadline | 30 days after entry of Preliminary Approval Order |
| Attorney's Fees and Costs application due by | 14 days prior to the deadline for Class Members to object or opt-out of the settlement |
| Incentive Award application due by | 14 days prior to the deadline for Class Members to object or opt-out of the settlement |
| Last day for Class Members to opt-out of Settlement | 60 days following the Notice deadline |
| Last day for Class Members to Object to the Settlement | 60 days following the Notice deadline |
| Briefs in support of Final Approval due by | 14 days prior to the Final Approval Hearing |
| U.S. Bank to file certification regarding CAFA notice requirements | 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | On the date set in paragraph 13, but no earlier than 120 days after the Notice deadline |

24. Service of all papers on counsel for the parties shall be made as follows: for settlement Class Counsel to David M. Marco, SmithMarco, P.C., 55 West Monroe, Suite 1200, Chicago, IL 60603; for Defendant to Thomas J. Cunningham, Locke Lord LLP, 777 South Flagler Drive Suite 215 East Tower, West Palm Beach, Florida 33401.

25. In the event that a Final Approval Order and Judgment is not entered by the Court, or the Effective Date of the Settlement does not occur, or the Settlement Agreement otherwise terminates according to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever, including without limitation for any evidentiary purpose (including but not limited to class certification), in this Action or any other action. In such event the

Settlement Agreement, exhibits, attachments and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all of the parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

26.     The Court may, for good cause, extend all of the deadlines set forth in this Order without further notice to the Settlement Class.

27.     All discovery and other litigation activity in this Action is hereby stayed pending final approval of the Settlement.

28.     The Settlement shall not constitute an admission, concession, or indication of the validity of any claims or defenses in the Action, or of any wrongdoing, liability, or violation by U.S. Bank, which vigorously denies all of the claims and allegations raised in the Action.

**IT IS SO ORDERED.**

DATED: June 1, 2022

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution to counsel of record via CM/ECF